IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01611-MSK-MEH

TIMOTHY L. GATUMA,

      Plaintiff,

v.

ENCORE ELECTRIC, INC., a Colorado corporation,

      Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Defendant's Motion to Dismiss [filed June 27, 2012; docket #4]. The

motion is referred to this Court for recommendation. (Docket #6.) The matter is fully briefed and

oral argument would not materially assist the Court in its adjudication of the motion. For the

following reasons, the Court **recommends** Defendant's motion be **granted in part** and **denied in**

**part**.[1]

## BACKGROUND

      Defendant Encore Electric, Inc. employed Plaintiff  as an apprentice electrician. Plaintiff

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file
any written objections in order to obtain reconsideration by the District Judge to whom this case is
assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings
or recommendations to which the objections are being made. The District Court need not consider
frivolous, conclusive or general objections. A party's failure to file such written objections to
proposed findings and recommendations contained in this report may bar the party from a de novo
determination by the District Judge of the proposed findings and recommendations. *United States
v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file
written objections to the proposed findings and recommendations within fourteen (14) days after
being served with a copy may bar the aggrieved party from appealing the factual findings of the
Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140,
155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

alleges he was constructively discharged based on discrimination against him on account of his race, color, and national origin.  Plaintiff is a recent immigrant from Kenya, Africa.  His Complaint includes claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Claims One, Two and Three).  In this Motion, Defendant does not challenge those claims.

Defendant seeks dismissal of Claims Four and Five under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Claim Four alleges the tort of constructive discharge in violation of Colorado public policy (prohibiting discrimination based on race, color, and national origin) as legislated in the Colorado Anti-Discrimination Act (CADA), Colo. Rev. Stat. § 24-34-401, *et seq.*  Claim Five alleges the tort of extreme and outrageous conduct.

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

The Rule 12(b)(6) evaluation requires two prongs of analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 1949–51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951.  If the allegations state a plausible claim for relief, such claim survives the

motion to dismiss. *Id.* at 1950. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp.*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

## ANALYSIS

### I.   Wrongful Discharge in Violation of Public Policy

Defendant's Motion recognizes that in Colorado, violation of public policy is one exception to the general rule that at-will employee can be terminated for any reason. (Docket #4 at 2) (citing *Lampe v. Presbyterian Medical Center*, 590 P.2d 513 (Colo. 1978)). However, citing *Gamble v. Levitz Co.*, 759 P.2d 761 (Colo. App. 1988), Defendant argues that because the CADA provides an employee with a *statutory* remedy for wrongful discharge based on race, color or national origin, the *tort* of wrongful discharge in violation of public policy for is not actionable. Judge Krieger, in *Endahl v. Vinnell Corp.*, No. 04-cv-00426-MSK-PAC, 2006 WL 57496 (D. Colo. Jan. 10, 2006), stated:

> Colorado recognizes a narrow cause of action for wrongful discharge in violation of public policy, restricting an employer's right to terminate when the termination contravenes accepted and substantial public policies as embodied by legislative declarations, professional codes of ethics, or other sources. *Wisehart v. Meganck*,

> 66 P.3d 124, 127 (Colo. App.2002).  Even assuming that the Plaintiff were otherwise correct that the tort could lie in these circumstances based on the public policies against employment discrimination, she is nevertheless barred from pursuing it because the very statute that she relies upon as embodying the policy, the Colorado Anti-Discrimination Act, C.R.S. § 24-34-402, establishes a remedy for such prohibited discrimination.

*Endahl*, 2006 WL 57496, at *10.[2]  Although Chief Judge Daniel has issued an opinion disagreeing with the premise of *Endahl*, *see Kennedy v. Colorado RS, LLC*, No. 10-cv-02240-WYD-MJW, 2012 WL 364091 (D. Colo. Feb. 1, 2012) (relying on *Brooke v. Restaurant Servs., Inc.*, 906 P.2d 66 (Colo. 1995) and rejecting *Gamble*'s analysis), the opinion of one district judge carries no precedential weight with another district judge, even within the same district.  *E.g.*, *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991); *United States v. Articles of Drug Consisting of 203 Paper Bags*, 818 F.2d 569, 572 (7th Cir. 1987).  It is Judge Krieger's province to decide this issue as noted above or, if she chooses, to change her opinion.

Another reason supports Defendant's Motion concerning public policy discharge.  As Judge Daniel noted in *Kennedy*, *Brooke* was premised on the notion that "[i]f the [Colorado] legislature wishes to bar *preexisting* common law rights with the creation of a statutory private right of action, 'it must manifest its intent either expressly or by clear implication.'"  *Kennedy*, 2012 WL 364091, at *3 (quoting *Brooke*, *supra*) (emphasis added).  Here, Defendant argues in its Reply that the CADA was enacted in 1957, while the tort of public policy wrongful discharge was first recognized in Colorado in *Montoya v. Local Union III of Int'l Bhd. of Elec. Workers*, 755 P.2d 1221 (Colo. App. 1988).  I note that the possibility of a public policy wrongful discharge claim was recognized as least by 1984.  *See Corbin v. Sinclair Marketing, Inc.*, 684 P.2d 265, 267 (Colo. App. 1984); *cf. Lampe v. Presbyterian Med. Ctr.*, 590 P.2d 513, 515 (Colo. App. 1978) (rejecting any such claim).  In any

---

[2]Judge Krieger reiterated this decision in *Novey v. Heartland Home Finance, Inc.*, No. 06-cv-00031-MSK-BNB, 2008 WL 687361, at *1 n.2 (D. Colo. Mar. 11, 2008).

event, the wrongful discharge tort did not preexist the CADA, and, thus, the CADA supplants it here.

## II.    Outrageous Conduct

"Although the question whether conduct is outrageous is generally one of fact to be determined by a jury, it is the initial responsibility of a court to determine whether reasonable persons could differ on the question." *McCarty v. Kaiser–Hill Co., L.L.C.,* 15 P.3d 1122, 1126 (Colo. App. 2000). In Colorado, in order to establish an outrageous conduct claim (which falls under the common law tort of intentional infliction of emotional distress), the Plaintiff must show that the Defendant (i) intentionally or recklessly; (ii) engaged in extreme and outrageous conduct; (iii) that caused severe emotional distress. *Madison Servs. Co., LLC v. Gordon*, No. 09-cv-02369-MSK-KMT, 2010 WL 3529588, at *8 (D. Colo. Sept. 2, 2010). "The conduct alleged must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (quoting *Han Ye Lee v. Colo. Times, Inc.*, 222 P.2d 957, 963 (Colo. App. 2009)).

Here, the Complaint alleges that employees of the Defendant mocked Plaintiff's African accent and language, belittled his ability to follow directions, in Plaintiff's presence accused all Blacks of being thieves and vowed never to work for a Black-owned company, told Plaintiff to resign because he was going to be fired, and after his separation sent derogatory and threatening communications, all with the knowledge (without intervention) or support of supervisory personnel. (Docket #3 at 3-4.) At the pleading stage of this case, these allegations are sufficient for an outrageous conduct claim to continue to the Rule 56 stage.

### CONCLUSION

For the reasons stated above, I RECOMMEND that Motion to Dismiss [filed June 27, 2012; docket #4] be **granted in part** and that Claim Four be dismissed; and **denied in part** as to Claim Five.

Dated and entered at Denver, Colorado, this 21st day of September, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge